# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

----------------------------------------------------------------X

LEIGH RECHT,

Plaintiff(s),

-against-

COSTCO WHOLESALE CORPORATION,

Defendant(s).

----------------------------------------------------------------X

Index No.: 61200/2025
Date Filed: 4/15/2025

**SUMMONS**

**To The Above Named Defendant(s):**

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorney(s) within twenty days after the services of this summons exclusive of the day of service, where service is made by delivery upon you personally within the state, or within thirty days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of venue is location of the incident.

Dated: New York, New York
April 15, 2025

Yours, etc.,

Michael B. Ronemus

Michael B. Ronemus
RONEMUS & VILENSKY
Attorneys for Plaintiff(s)
112 Madison Avenue, 2nd Floor
New York, New York 10016
(212) 779-7070

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------------X

Index No.: 61200/2025
Date Filed: 4/15/2025

LEIGH RECHT,

Plaintiff(s),

-against-

COSTCO WHOLESALE CORPORATION

Defendant(s).
-----------------------------------------------------------------X

**VERIFIED COMPLAINT**

Plaintiff, by her attorneys, RONEMUS & VILENSKY, as and for her Verified Complaint herein, respectfully sets forth and alleges:

1. That at all times hereinafter mentioned, Plaintiff, LEIGH RECHT, was a resident of the County of Westchester, State of New York.

2. That at all times hereinafter mentioned, the Defendant, COSTCO WHOLESALE CORPORATION, was a domestic corporation duly existing under and by virtue of the laws of the State of New York.

3. That at all times hereinafter mentioned, the Defendant, COSTCO WHOLESALE CORPORATION, was a foreign corporation duly authorized to conduct business in the State of New York.

4. That at all times hereinafter mentioned, the Defendant, COSTCO WHOLESALE CORPORATION, was a corporation doing business in the State of New York.

5. That at all times hereinafter mentioned, the Defendant, COSTCO WHOLESALE CORPORATION, owned certain premises and/or place of business located at 1 Westchester Ave. Port Chester, New York (hereafter, the premises).

6. That at all times hereinafter mentioned, the Defendant, COSTCO WHOLESALE CORPORATION, its servants, agents and/or employees operated said premises and/or place of business located at the premises.

7. That at all times hereinafter mentioned, the Defendant, COSTCO WHOLESALE CORPORATION, its servants, agents and/or employees maintained said premises and/or place of business located at the premises.

8. That at all times hereinafter mentioned, the Defendant, COSTCO WHOLESALE CORPORATION, its servants, agents and/or employees managed said premises and/or place of business located at the premises

9. That at all times hereinafter mentioned, the Defendant, COSTCO WHOLESALE CORPORATION, its servants, agents and/or employees controlled said premises and/or place of business located at the premises.

10. That at all times hereinafter mentioned, it was the duty of the Defendant, COSTCO WHOLESALE CORPORATION, its servants, agents and/or employees to maintain said premises in reasonably safe and suitable condition and repair.

11. That at all times hereinafter mentioned, it was the duty of the Defendant, COSTCO WHOLESALE CORPORATION, its servants, agents and/or employees to provide for the safety, protection and well -being of persons lawfully present upon said premises.

12. That on the 23rd day of October 2024, the Plaintiff, LEIGH RECHT, was lawfully present upon said premises.

13. That on the 23rd day of October 2024, the Plaintiff, LEIGH RECHT, was caused to be injured while lawfully present upon said premises.

14. That on the 23rd day of October 2024, there existed a dangerous, hazardous, unsafe condition upon said premises.

15. That on the 23rd day of October 2024, the Plaintiff, LEIGH RECHT, was caused to be injured as a result of the said dangerous, hazardous, and unsafe condition upon said premises relative to the escalator.

16. COSTCO is aware of this situation as similar accidents have happened multiple times on the defective escalator, yet COSTCO has failed to replace or repair the escalator despite multiple and recurring incidents of customers being injured in the same or similar manner.

17. That the foregoing accident and the resulting injuries to the Plaintiff were

caused solely by reason of carelessness, negligence, wanton and willful disregard on the part of the Defendant.

18. That this action falls within one or more of the exceptions set forth in C.P.L.R. §1602.

19. That by reason of the foregoing, this Plaintiff was severely injured and damaged, rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and Plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; Plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and Plaintiff has suffered and in the future will necessarily suffer additional loss of time and earnings from employment; and Plaintiff will be unable to pursue the usual duties with the same degree of efficiency as prior to this occurrence, all to Plaintiffs great damage.

20. By reason of the foregoing, Plaintiff, LEIGH RECHT, has been damaged in a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

**WHEREFORE,** Plaintiff demands judgment against the Defendant in a sum of money having a present value which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this matter in addition to punitive damages.

Dated: New York, NY
April 14, 2025

Yours, etc.,

Michael B. Ronemus

Michael B. Ronemus
RONEMUS & VILENSKY
Attorneys for Plaintiff(s)
112 Madison Avenue, 2nd Floor
New York, New York 10016
(212) 779-7070

STATE OF NEW YORK, COUNTY OF NEW YORK ss:

I, the undersigned, an attorney admitted to practice in the Courts of New York State, state under penalty of perjury that I am one of the attorneys for the plaintiff(s) in the within action; I have read the foregoing **VERIFIED COMPLAINT** and know the contents thereof; the same is true to my own knowledge, except as to the matters I believe to be true. The reason this verification is made by me and not by my client(s), is that my client(s) are not presently in the County where I maintain my offices. The grounds of my belief as to all matters not stated upon my own knowledge are the materials in my file and the investigation conducted by my office.

Dated: New York, New York
April 14, 2025

Michael B. Ronemus
Michael B. Ronemus